Jon F. Hamilton, SBN 232559
Blakney A. Boggs, SBN 266895
FERGUSON, PRAET & SHERMAN
A Professional Corporation
1631 East 18th Street
Santa Ana, California 92705
(714) 953-5300 telephone
(714) 953-1143 facsimile
bboggs@law4cops.com

Attorneys for Defendants City of Rialto,
Officer Gibson, and Officer Enriquez

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERON DURRAH,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF RIALTO; OFFICER JERMAINE ANTHONY GIBSON; OFFICER MARTIN ENRIQUEZ; and DOES 1 through 10, inclusive,<br><br>    Defendants. | No. CV 10-06406 GW (Ex)<br><br>[~~PROPOSED~~] PROTECTIVE ORDER |

**IT IS HEREBY ORDERED:**

The Parties to the above-entitled Action agree that, during the course of this litigation, certain discovery material either has been sought or may be sought, produced or exhibited, which may contain confidential information that may be subject to protection under state and/or federal statutory and case law. The Parties agree that a Protect Order is necessary to control the release of any information „sealed" during the depositions of Officer Martin Enriquez, and any future depositions where subjects addressed and protected pursuant to the requested Protective Order.

The Parties also agree that a Protective Order is necessary to facilitate a

1  timely and efficient discovery process and, accordingly, STIPULATE AND
2  AGREE, by and between the Parties, through their undersigned counsel, that this
3  Court enter the following Protective Order:

**Scope**

4
5  1. This Protective Order shall govern all documents produced or
6  disclosed in this action, or any information disclosed from those documents during
7  a deposition or any pleadings filed with this Court, in this Action by either party
8  (the "Designating Party") to the other party ("the Receiving Party").

**Confidential Information**

9
10  2. "Confidential Information" means:
11  (A) Any information contained in a document that is stamped with
12  "Confidential" or "Confidential – Subject to Protective Order"; or,
13  (B) Any information contained in a document that is stamped with
14  "Confidential – Attorney's Eyes Only."
15  3. Stamping "Confidential," "Confidential – Subject to Protective
16  Order" or "Confidential – Attorney's Eyes Only" on the cover of a multiple page
17  document shall classify all pages of the document as confidential unless otherwise
18  indicated by the disclosing party.

**Permissible Disclosure of Confidential Information**

19
20  **A.    Confidential Information**
21  4. Subject to Paragraph 5, the Receiving Party may show and deliver
22  documents stamped with "Confidential" or "Confidential – Subject to Protective
23  Order" to the following people:
24  (A) Parties and their counsel including attorneys, paralegals,
25  stenographic and clerical staff employed by such counsel;
26  (B) Stenographic employees, court reporters and videographers
27  recording or transcribing testimony in this Action;
28  (C) The Court, Special Master appointed by the Court, mediator,

and any members of their staff whom it is necessary to disclose the information;

   (D) Any outside consultant or expert (and any employee thereof who would, in the course and scope of their employment, handle the at-issue documents), whether formally retained or not; and

   (E) Subject to Paragraphs 9 through 11, any witness during a deposition.

 **B.** <u>**Confidential Information – Attorney's Eyes Only**</u>

 Subject to Paragraph 5, the Receiving Party may show and deliver documents stamped with "Confidential – Attorney"s Eyes Only" to the following people:

   (A) Attorneys, paralegals, stenographic and clerical staff employed by such counsel;

   (B) The Court, Special Master appointed by the Court, mediator, and any members of their staff to whom it is necessary to disclose the information;

   ( C) Stenographic employees, court reporters and videographers recording or transcribing testimony in this Action;

   (D) Any outside consultant or expert whether formally retained or not; and

   (E) Subject to Paragraphs 9 through 11, any witness during a deposition.

 5. If the Receiving Party provides Confidential Information to any person entitled to such information by the terms of this Order, such person shall be provided with a copy of the fully executed Protective Order, which he or she shall read. Upon reading the Protective Order, such person shall sign a Certification, the form annexed hereto as Exhibit A, acknowledging that he or she has read the Protective Order and shall abide by its terms. The Receiving Party shall retain all executed Certifications until the end of the instant litigation. In the event of a possible violation of this protective order, during the pendency of this litigation,

1. and upon a showing of good cause, the Court may order production of the executed Certifications to the Designating Party. Otherwise, these Certifications are strictly confidential and are not subject to any discovery request during the pendency of this litigation. No more than thirty (30) calendar days after the end of this litigation in the instant case (as defined *infra* Paragraph 6), the Receiving Party shall provide all executed Certifications to the Designating Party.

6. The instant litigation is at an end when (i) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (ii) the time for any objection to or request for reconsideration of such a judgment or dismissal has expired; (iii) all available appeals have concluded or the time for such appeals has expired; and (iv) any post appeal proceedings have themselves concluded.

**Use of Confidential Information**

7. Confidential Information shall only be used for preparing for and prosecuting this case pending the completion of the judicial process, including appeal. No person to whom this information is disclosed shall cause or permit it to be used for any other purpose.

8. Notwithstanding any other provisions hereof, nothing herein shall restrict any party"s counsel from rendering advice to its client with respect to this Action and, in the course thereof, relying upon Confidential Information provided that in rendering such advice, counsel shall not disclose the other party"s Confidential Information other than in a manner provided for in the Protective Order.

9. If Confidential Information is used, in any depositions taken in this matter, the original transcript of the deposition, and all copies thereof shall be stamped "Confidential – Subject to Protective Order" or "Confidential – Attorney"s Eyes Only" depending on the nature of the Confidential Information used. If any portions of the deposition transcript and/or video or audio versions of

1  the depositions containing Confidential Information, or references thereto, are
2  filed with the Court, it shall be done in compliance in Paragraph 17 of the
3  Protective Order.
4      10. A copy of this Order shall be attached as an exhibit to said deposition
5  transcripts and the court reporter shall be subject to said Order and precluded from
6  providing the original or copies of the deposition transcript or portions thereof,
7  any copies thereof, or portions thereof, to any persons or entities other than
8  counsel of record in the instant action. Furthermore, any audiotape and/or
9  videotape of said deposition shall be subject to the Protective Order. A copy of the
10 Protective Order shall be attached as an exhibit to said audiotape and/or videotape
11 and the court videographers shall be subject to the Protective Order and precluded
12 from providing the original deposition videotape or portions thereof, any copies
13 thereof, or portions of copies thereof, to any persons or entities other than counsel
14 of record. Any audiotape shall similarly be subject to the Protective Order and all
15 persons shall be precluded from providing the original deposition audiotape or
16 portions thereof, any copies thereof, or portions of copies thereof, to any persons
17 or entities other than counsel of record in the instant litigation.
18     11. Additionally, anyone other than the following persons shall be
19 precluded from attending any deposition whereat any Confidential Documents or
20 confidential information therein are used: the receiving party, the disclosing party,
21 any parties" counsel, the court reporter, the court videographers, if any, and any of
22 the named parties in this action. In the event that Confidential Information marked
23 "Attorney"s Eyes Only" is to be used in the deposition, then the receiving party or
24 parties shall be excluded from the deposition; however, counsel for the receiving
25 party or parties shall continue to be permitted. Those attending any depositions
26 using Confidential Documents shall not disclose to any person or entity not
27 otherwise entitled to the confidential information, in any manner, including orally,
28 any statements made by the deponents during the course of said depositions

1  referencing Confidential Information, and any such disclosure shall be construed
2  as a violation of the Protective Order.

### Protection of Confidential Information

4  12.   Counsel shall take all reasonable and necessary steps to assure the
5  security of any Confidential Information and will limit access to Confidential
6  Information to only those persons authorized by the Protective Order.

7  13.   Any party that is served with a subpoena or other request for
8  production of Confidential Information produced by the other party must
9  immediately give written notice of such subpoena or other notice to the original
10 Designating Party so as to afford the original Designating Party an opportunity to
11 obtain an order barring the production or other disclosure, or to otherwise respond
12 to the subpoena or other request for production or disclosure of Confidential
13 Information. Upon receiving such notice, the original Designating Party shall bear
14 the burden of opposing, it it deems appropriate the subpoena or request for
15 production. In no event should production or disclosure be made without written
16 approval by the original Designating Party unless required by Court order arising
17 from a motion to compel production or disclosure of Confidential Information.

18 14.   No more than thirty (30) calendar days after the end of litigation (as
19 defined *infra* in Paragraph 6) in the instant case, the Receiving Party, and every
20 other person and/or entity who received Confidential Information shall (1) destroy
21 such documents and any copies thereof and provide written notification of such
22 destruction to the producing party or (2) return such documents and any copies
23 thereof to the producing party.

### Challenges to Designation

25 15.   Any party may object to the propriety of the designation of
26 Confidential Information by serving a written Objection to the designation. The
27 objecting party must do so sufficiently in advance of the discovery cut-off date to
28 permit compliance with the Federal Rules of Civil Procedure and Local Rules in

noticing a motion to remove the confidentiality designation for hearing prior to the discovery cut-off date. All subsequent proceedings related to such challenge will be in accordance with Local Rules.

**Filing Confidential Information in Court Records**

16. The parties shall use the following procedure for submitting to the Court papers consisting of, relating to, containing, incorporating, reflecting, describing or attaching Confidential Information:

For all pretrial discovery and non-discovery related motions, memorandum of law, certification, exhibit annexed thereto that contained Confidential Information shall be filed by placing the original and judge's copy of the document in sealed separate envelops with a copy of the title page attached to the front of each envelope. Conformed copies need not be placed in sealed envelopes. Confidential material to be placed under seal, shall not be electronically filed but shall be filed manually in the manner prescribed by the Court. A Notice of Manual Filing shall also be electronically filed identifying material being manually filed.

17. All confidential information contained in documents designated as Confidential used at trial and in all post-trial proceedings shall become public unless a separate court order is obtained upon noticed motions and sufficient cause shown. In that respect, nothing herein shall prejudice any parties" rights to object to the introduction of any Confidential Information into evidence, on grounds, including, but not limited to, relevance and privilege.

**Special Provisions**

18. Some or all documents subject to this agreement may be documents responsive to the plaintiffs" Request for Identification and Production of Documents (Set One) to defendant City of Rialto. The defendant responded with objections to First Set of Requests for Production of Documents and Things by Plaintiff Jeron Durrah, and in doing so, served a privilege log for the documents

and things for which the defendant asserts various privileges.

19. The parties agree that the documents and items delineated in the privilege log are the proper subject of a privilege. The Plaintiffs agree to waive any motion to compel responses to those items objected to as identified in Paragraph 18. Defendants agree to produce the documents Nos. 5 through 8 within the Privilege Log from the date of incident August 29, 2008, to five (5) years prior to the incident.

20. The parties agree that the documents referenced in Paragraph 20 are the proper subject of asserted privilege and request that this Court find the documents produced pursuant to this stipulation to be confidential and designated as "Confidential – Attorney"s Eyes Only."

21. Defendants may redact personal and irrelevant confidential information related to the defendants and third parties not related to the incident that is the subject matter of this litigation, contained in such personnel files and documents, such as, but not limited to, home addresses, phone numbers, names of family members, personal injury and workers" compensation information, salary information, tax return information, non-police-related occupational and educational information, and similar information.

**Miscellaneous Provisions**

22. The Defendants make no concessions as to the admissibility of such items herein disclosed and reserve the right to seek exclusion of any such items or the information contained therein or their existence either in limine or during trial.

23. The Parties agree that a Protective Order is necessary to control the release of any information "sealed" during the depositions of Officer Martin Enriquez, and any future depositions where subjects addressed and protected pursuant to the requested Protective Order.

24. It is expressly understood by and between the parties that in

1  producing Confidential Information in this litigation, the parties are relying upon
2  the terms and conditions of the Protective Order.

3      25.    It is expressly understood by and between the parties, and stipulated
4  thereto, that any documents or information therefrom originating out of any
5  personnel file, as defined by California Penal Code §§ 832.5, 832.7 and 832.8, will
6  be designated as "Confidential – Attorney" Eyes Only."

7      26.    By written agreement of the parties, or upon motion and order of the
8  Court, the terms of this Protective Order may be amended or modified. This
9  Protective Order shall continue in force until amended or superseded by express
10 order of the Court, and shall survive any final judgment or settlement in this case.

11     27.    The Defendants will disclose the documents identified under
12 paragraph 19 within three Court days of the Court's entry of an Order requested by
13 way of this Stipulation. The Defendants will disclose all confidential documents
14 identified in Paragraph 20 within two (2) weeks of the Court's entry of an Order
15 requested by way of this Stipulation.

Dated: 8/25/11

Honorable ~~George H. Wu~~
~~United States District Judge~~
CHARLes F. Eick
United States Magistrate Judge